IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:13-CV-739-FL

| | |
|---|---|
| PATRICK O. CHRISTIAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | ORDER AND |
| v. ) | MEMORANDUM AND |
| ) | RECOMMENDATION |
| STATE OF NORTH CAROLINA, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court for review of Plaintiff's *pro se* application to proceed *in forma pauperis* and for frivolity review of his complaint pursuant to 28 U.S.C. § 1915(a)(1), (e)(2)(B). Plaintiff has demonstrated sufficient evidence of his inability to pay the required court costs. Accordingly, Plaintiff's motion to proceed *in forma pauperis* is allowed. However, for the reasons set forth below, it is recommended that the complaint be dismissed.

## I. PLAINTIFFS' COMPLAINT[1]

Plaintiff's 18-page single-spaced type-written complaint contains a number of assertions of alleged conspiracies against Plaintiff involving several individuals and entities. [DE-1-1]. According to the complaint, Plaintiff is homeless but is presently residing in Raleigh, North

---

[1] Plaintiff refers to several other complaints he has filed in federal court, all of which have failed review pursuant to 28 U.S.C. § 1915. [DE-1-5 & -6]; *Christian v. Moore*, No. 3:10-CV-302-FDW-DSC, 2010 WL 3418390, at *2-3 (W.D.N.C. Aug. 30, 2010), *appeal dismissed*, 408 F. App'x 723 (4th Cir. Jan. 20, 2011); *Christian v. Townsend*, No. 3:11-CV-140-RJC, 2011 WL 9379003, at *1 (W.D.N.C. Apr. 8, 2011) (dismissing Plaintiff's complaint on grounds of res judicata), *appeal dismissed*, 448 F. App'x 395 (4th Cir. Oct. 4, 2011); *Christian v. Townsend*, No. 3:12-CV-21, 2012 WL 169943, at *2 (W.D.N.C. Jan. 19, 2012) (dismissing complaint on grounds of res judicata and frivolity), *appeal dismissed*, 469 F. App'x 237 (4th Cir. Mar. 20, 2012), *cert. denied*, 133 S. Ct. 411 (2012); *Christian v. Moore*, No. 3:13-CV-100-FDW-DSC, U.S. Dist. LEXIS 27561, at *3 (W.D.N.C. Feb. 28, 2013) (dismissing Plaintiff's 42 U.S.C. § 1983 complaint as frivolous), *appeal dismissed*, 2013 U.S. App. LEXIS 15353, at *1 (4th Cir. July 29, 2013); *Christian v. Curran*, 3:13-CV-291-FDW-DCK, 2013 U.S. Dist. LEXIS 141248, at *6 (W.D.N.C. May 15, 2013) (dismissing Plaintiff's §1983 complaint as frivolous and failing to state a claim upon which relief may be granted). Plaintiff's claims now before the court appear similar in nature to those filed previously by Plaintiff.

Carolina. Plaintiff has named the State of North Carolina and the "Governors Office" as defendant to this action, where he alleges the court's jurisdiction is premised on 42 U.S.C. §§ 1983 & 1985. *Id.* at 1. Plaintiff alleges he has had his "constitutional rights violated" and has had "numerous crimes committed against him" by "the general public, color bearers, government officials, [and] caregivers" as part of a conspiracy. *Id.* Plaintiff alleges violations of the following: "N.C. Gen. Stat. § 990-1 Interfering with Civil Rights, N.C. Gen. Stat § 14-7 Accessories After the Fact, N.C. Gen. Stat. § 8c Evidence Code, 8C-1 Rules of Evidence, Art. 1 General Provisions, Rule 103 Rulings on Evidence, Rule 104 Preliminary Questions, Rule 301 Presumptions in General in Civil Actions and proceedings." *Id.* Plaintiff complains also about "Discrimination, Accessories After the Fact, Perjury, Subornation to Perjury, Brutality, Harassment, Malpractice, Injurious Harm, Violating Oaths in Office, Corruption, Misconduct in Public Office, Corroboration, Rule: Title 18 United States Code, section 2511, CFR 47, part 64, Stalking, Cyber-stalking, Aiding and Abetting, Rape, Accessory to Rape, Conspiracy to Commit numerous crimes." *Id.* at 2.

Plaintiff's complaint contains a litany of critical observations of several individuals and entities about which Plaintiff either expresses his general dissatisfaction or asserts fantastic claims of how he has been harmed. Plaintiff claims that white persons are engaged in a conspiracy, the goal of which is to condition society to perceive white persons as superior to non-white persons. *Id.* at 2-3. Plaintiff claims politicians have violated the United States Constitution by either participating in or condoning slavery. *Id.* at 3-4. Plaintiff claims the police enforce corrupt laws and engage in racial profiling, brutality, perjury and discrimination, tamper with evidence and fail to stop child abuse. *Id.* at 4. Plaintiff claims that the (unnamed) sheriff's department is unprofessional and that Plaintiff's food was poisoned while in the sheriff's custody. *Id.* He claims his detention records

2

have been altered to inaccurately reflect he has a "mental health history and is on medication." *Id.* He claims further that he has been harassed and attacked and was refused medical care by the nursing staff. *Id.* Plaintiff alleges a district attorney and lawyers of a public defender's office are unethical, "practice bribery, corruption, coaching, perjury, subornation, abasement, discrimination, lewdness and injustice, as well as withholding and tampering with records and/or evidence." *Id.* at 5. Plaintiff alleges these individuals violate "statutes, codes and justice." *Id.* Plaintiff claims that judges are incompetent and corrupt in their toleration of unethical and prejudicial behavior of others. *Id.* Plaintiff claims that the clerks of court in Mecklenburg, Vance and Granville counties have tampered with his records and that falsified information has been placed in Plaintiff's records. *Id.* Without providing specific detail, Plaintiff complaints that property managers "regularly discriminate against Black's no matter what their race" and that Plaintiff has had his property "prematurely disposed of" in an illegal eviction. *Id.* at 6. According to Plaintiff, public transportation officials in Mecklenburg County use surveillance equipment to observe black patrons. *Id.* Plaintiff also complains about water quality and that the "inferiority [of water quality] changes regularly." *Id.* The employment security commission ("ESC") personnel has hacked into Plaintiff's computer to monitor his emails and online job applications, alter his personal information and Plaintiff's employment records and further cooperate with his stalkers. *Id.* at 6-7. The ESC practices "discrimination, discouragement, tampering, favoritism, unethics [sic], and cyber-stalking." *Id.* at 6. According to Plaintiff, representatives from the Veterans Administration have thwarted his job search efforts, committed medical malpractice against Plaintiff and have informed him that he must become a homosexual in order to receive benefits. *Id.* at 7. Plaintiff claims further that a homeless shelter has conspired against him for speaking out against homosexual advances made upon Plaintiff and for speaking out

3

against volunteers serving tampered food and beverages. *Id.* Plaintiff claims he is "persistently being stalked and cyber-stalked by the people who say they work for the person/people behind this conspiracy, and they have cooperation from every place [Plainitff] visit[s]." *Id.*

According to Plaintiff, the United States Post Office is part of the conspiracy in that postal officials have told Plaintiff he will not receive mail. *Id.* at 8. Plaintiff claims that manufacturers and merchandisers are part of a conspiracy to deliberately manufacture and sell contaminated "food, beverages, snacks, candy and medication." *Id.* Plaintiff has been poisoned since 2009, when he was in the Mecklenburg County jail and he was further poisoned when a VA doctor injected Plaintiff while he was under a drug-induced sleep. *Id.* at 8. Plaintiff was purposefully given an infection and a heart-attack inducing poison. *Id.* Plaintiff's health is "approximately at fifty percent of what is was prior to [Plaintiff] experiencing this conspiracy" due to his consumption of foods, beverages, candy and medicine." *Id.* at 9.

According to Plaintiff, teachers fail to meet performance expectations and to properly educate students, which Plaintiff believes may be a plan to keep black persons unskilled and uneducated. *Id.* at 9. Plaintiff claims that the Federal Drug Administration and the Better Business Bureau have failed to reduce the number of contaminated products about which Plaintiff claims. *Id.* Plaintiff claims further that on one occasion a (unnamed) doctor injected him with the Methicillin-resistant Staphylococcus aureua ("MRSA") virus. *Id.* at 10. The Mecklenburg County Social Services has also cooperated with those stalking Plaintiff. *Id.* at 11. Furthermore, the Federal Bureau of Investigation has ignored Plaintiff's claims about the government entities that have been conspiring against him. *Id.* at 12.

Plaintiff has been banned from the Mecklenburg County Public Library for complaining

4

about what he perceived to be "inappropriate interaction between adults and children." *Id.* at 11. Plaintiff was banned from Central Piedmont Community College after being threatened by to homosexual employees. *Id.* at 11-12. He has been banned form the University of North Carolina at Charlotte for falling asleep in the library. *Id.* at 12.

Plaintiff alleges he has been discriminated against "for being a non-homosexual" and for "disapproving of this way of life being forced upon [him], or others, especially children." *Id.* He claims being discriminated against "for being a gentleman and a scholar, who is a positive black man" based on the manner in which "people act towards [Plaintiff], and the statements they make to [him] and behind [his] back." *Id.* In further support of his claim of discrimination, Plaintiff states that black men are imprisoned as part of a conspiracy, and that he received no coverage from the media when he announced his walk of protest from Charlotte to Raleigh. Plaintiff states he is "also discriminated against for representing [himself] in the courtroom, and all legal actions." *Id.*

Based upon someone telling Plaintiff that Michael Jordan attempted to access Plaintiff's e-mail while Plaintiff was using a computer, Plaintiff complains that Michael Jordan is stalking Plaintiff and trying to make Plaintiff appear as a paranoid schizophrenic. *Id.* at 13.

Finally, Plaintiff complains about an investigation performed by Henderson County law enforcement in 1996, which apparently resulted in Plaintiff's arrest and conviction regarding inappropriate physical contact Plaintiff had with his daughter. As part of the conspiracy against Plaintiff, the investigating officials and Plaintiff's court-appointed attorney were corrupt, and Plaintiff was convicted after having entered a plea agreement, despite there being no confession by Plaintiff, which is apparently contrary to what law enforcement and court officials determined. *Id.* at 14-16.

5

The balance of Plaintiff's complaint contains Plaintiff's rambling objections to a number of individuals and groups implicated in a conspiracy against Plaintiff, including voters, churches, urban ministries, homosexuality and crime. *Id.* at 9-18. As for relief, Plaintiff seeks to have his record cleared and $177,777,700.00 in damages. *Id.* at 18.

## II. STANDARD OF REVIEW

Where a plaintiff has obtained leave to proceed *in forma pauperis*, the court must conduct a review of the plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2). Under this statute, a district court must dismiss all or any part of an action found to be frivolous or malicious, which fails to state a claim upon which relief can be granted, or which seeks money damages from a defendant immune from such recovery. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *Michau v. Charleston Cnty., S.C.*, 434 F.3d 725, 728 (4th Cir. 2006); *Cochran v. Morris,* 73 F.3d 1310, 1315-16 (4th Cir. 1996) (discussing *sua sponte* dismissal under predecessor statute 28 U.S.C. § 1915(d)). A case is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *McLean v. United States*, 566 F.3d 391, 399 (4th Cir. 2009) ( "Examples of frivolous claims include those whose factual allegations are 'so nutty,' 'delusional,' or 'wholly fanciful' as to be simply 'unbelievable.'") (citations omitted). In addition, in order to state a claim on which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Id.*

In determining whether a complaint is frivolous, "a court is not bound, as it usually is when

6

making a determination based solely on the pleadings, to accept without question the truth of the Plaintiff's allegations." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Rather, the court may find a complaint factually frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." *Nagy v. Fed. Med. Ctr. Butner*, 376 F.3d 252, 256-57 (4th Cir. 2004) (some internal quotation marks omitted). In making its frivolity determination, the court may "apply common sense." *Nasim v. Warden., Md. House of Correction*, 64 F.3d 951, 954 (4th Cir. 1995).

In the present case, Plaintiff is proceeding *pro se* and pleadings drafted by a *pro se* litigant are held to a less stringent standard than those drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). This court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See id.*; *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Noble v. Barnett*, 24 F.3d 582, 587 n.6 (4th Cir. 1994). However, the principles requiring generous construction of *pro se* complaints are not without limits; the district courts are not required "to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

Adhering to the principle that *pro se* pleadings should not be held to the same stringent standards as those of attorneys, the allegations contained in Plaintiff's complaint have been construed liberally. Plaintiff's allegations however describe sensational scenarios of far-reaching conspiracies

7

and fanciful wonderment and lack an arguable basis in fact as they are "so nutty, delusional, or wholly fanciful as to be simply unbelievable." *See McLean*, 566 F.3d at 399 (internal quotations and citations omitted). Alternatively, the entirety of Plaintiff's complaint is scattershot in nature, consisting wholly of conclusions, lacking sufficient factual matter accepted as true to state a claim to relief that is plausible. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). For these reasons, Plaintiff's complaint should be dismissed as frivolous and failing to state a claim for relief.

## IV. CONCLUSION

For the reasons stated above, Plaintiff's application to proceed *in forma pauperis* is ALLOWED. Furthermore, it is RECOMMENDED that Plaintiff's complaint be DISMISSED.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties or counsel (if represented), who have fourteen (14) days from the date of receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

SO ORDERED AND SUBMITTED, the 31st day of December 2013.

_____
Robert B. Jones, Jr.
United States Magistrate Judge