IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-cv-739-FL

| PATRICK O. CHRISTIAN, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | ORDER |
| STATE OF NORTH CAROLINA, | ) | |
| Defendant. | ) | |

This matter comes before the court on the memorandum and recommendation ("M&R") (DE 4) of Magistrate Judge Robert B. Jones, Jr., pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), wherein it is recommended that the court dismiss plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2). Plaintiff filed objection to M&R. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court adopts the recommendation of the magistrate judge and dismisses the complaint.

**DISCUSSION**

The district court reviews *de novo* those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th

Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Plaintiff filed a motion for leave to proceed *in forma pauperis* on October 18, 2013. His proposed complaint, filed pursuant to 42 U.S.C. §§ 1983 and 1985, asserts conspiracies on the part of numerous individuals, groups and entities to commit an assortment of crimes and constitutional violations. While plaintiff has named the State of North Carolina and the "Governors Office" as defendants, his complaint alleges wrongdoing on the part of whites, blacks, politicians, police, sheriff's department officials, the district attorney and public defenders, judges, clerks of court, property managers, public transportation officials, water quality managers, the Employment Security Commission, the Veterans Administration, homeless shelters, the post office, merchandisers, manufacturers, teachers, the Federal Drug Administration, the Better Business Bureau, Urban Ministries, churches, doctors, homosexuals, social services offices, voters, the Mecklenburg County Public Library, Central Piedmont Community College, unnamed stalkers, the University of North Carolina at Charlotte, the Federal and State Bureaus of Investigation, and Michael Jordan. He complains of actions involving racial discrimination, harassment, corruption and abuse of office, surveillance and stalking, medical malpractice, food tampering, falsified records, and other forms of unethical, immoral and illegal conduct. He seeks to have his "record cleared," along with $177,777,700.

Under 28 U.S.C. § 1915(e)(2), a district court must dismiss all or any part of an action found frivolous or malicious, which fails to state a claim, or which seeks damages from a defendant protected by immunity. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); Michau v. Charleston Cnty., S.C., 434 F.3d 725, 728 (4th Cir. 2006). A complaint may be found frivolous "when the facts alleged rise to

the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 32 (1992).

The magistrate judge recommends dismissing the complaint for failure to state a claim on two independent grounds. He finds plaintiff's claims frivolous in that they present "sensational scenarios of far-reaching conspiracies and fanciful wonderment and lack an arguable basis in fact." (M&R, 7-8). Alternatively, he finds the complaint lacks sufficient factual matter to state a plausible claim to relief. (M&R, 8).

Plaintiff objects that the magistrate judge did not take the time to properly review the complaint, makes a general assertion of rights, questions why the court would make "pseudo Analytical" allegations, and argues that the claim can be proven by review of the records. Of these objections, only the last actually addresses the grounds of the magistrate judge's frivolity ruling. However, plaintiff's assertion that the records will prove his claim is clearly baseless. Neitzke v. Williams, 419 U.S. 319, 328 (1989) (Section 1915(d) grants judges power to "dismiss those claims whose factual contentions are clearly baseless."). Furthermore, all plaintiff's objections are merely "general and conclusory" and fail to "direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano, 687 F.2d at 47. The court finds no clear error in the M&R.

The court notes that after filing objection, plaintiff subsequently presented an "amendment request" that the court review a case plaintiff filed in Wake County Court which was dismissed. However, the court lacks jurisdiction to review the decisions of state courts. Shooting Point, L.L.C. v. Cumming, 368 F.3d 379, 383 (4th Cir. 2004) ("Lower federal courts generally do not have subject-matter jurisdiction to review state-court decisions.") (internal punctuation omitted).

3

## CONCLUSION

Upon careful review of the M&R, the court ADOPTS the findings and recommendations of the magistrate judge in full. Plaintiff's complaint is DISMISSED. The clerk is directed to close this case.

SO ORDERED, this the 19th day of February, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge